# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| AVERY AYERS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3723 |
| | § | |
| CONAGRA FOODS, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

The defendant, ConAgra Foods, Inc., moved to stay all proceedings in this removed case pending a ruling by the Judicial Panel on Multidistrict Litigation on transfer to MDL 1845. This court granted the unopposed motion to stay. (Docket Entry No. 13). However, the plaintiffs earlier moved to remand this case and sought oral hearing. The motion to remand is based on the assertion that subject-matter jurisdiction does not exist over plaintiffs whose claims are for less than $75,000.

The MDL Panel clearly has the authority to transfer this case despite a jurisdictional objection. *See, e.g., In re Ivy*, 901 F.2d 7, 8–10 (2d Cir. 1990) ("Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course."); *In re Federal Election Campaign Act Litigation,* 511 F.Supp. 821, 823-24 (J.P.M.L. 1979)(panel transferred actions despite pendency of motions to dismiss for lack of subject-matter jurisdiction). The benefits of transferring such cases "to the MDL–the body established by Congress specifically to ameliorate the duplicative litigation and the valuable waste of judicial resources–are obvious." *Johnson v. AMR Corp.*, 1996 WL 164415 (N.D. Ill. 1996).

Judicial economy is served by a stay pending transfer if the issues involved in the remand motion are likely to arise in the cases that have been or will be transferred to the MDL transferee court. *In re Ivy*, 901 F.2d at 9. The transferee judge certainly has the power to determine the question of remand, and if, as seems likely, the remand issues are common to many of the MDL cases, decisions by the transferee judge would avoid duplicative discovery and conflicting pretrial rulings. The issues involved in the motion to remand based on lack of subject-matter jurisdiction due to the amount at issue in each plaintiff's claim are likely to be common to issues raised in other transferred cases. The stay of the proceedings in this court furthers the policies of efficiency and consistency of pretrial rulings. This case has been stayed to await the ruling of the MDL Panel. (Docket Entry No. 13). The remand motion (Docket No. 5) is denied without prejudice. The motion for oral hearing (Docket No. 6) is denied as moot.

SIGNED on April 9, 2009, at Houston, Texas.

Lee H. Rosenthal
United States District Judge